UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

    -against-                                  99 Cr. 1110-01 (RWS)

JEFFREY FLORES,                            OPINION

                Defendant.

------------------------------------X

A P P E A R A N C E S:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/10
```

    Pro Se

    JEFFREY RODRIGUEZ (A/K/A JEFFREY FLORES)
    1198 SW 57th Street
    Cape Coral, FL   33914


    Attorneys for Respondent

    PREET BHARARA
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, NY   10007
    By:  Brian R. Blais, Esq.

**Sweet, D.J.**

Defendant Jeffrey Rodriguez a/k/a Jeffrey Flores ("Flores") has moved pro se under 18 U.S.C. § 3583(e) for early termination of his period of supervised release. For the reasons set forth below, the motion is denied.

**Prior Proceedings**

Flores was convicted on April 12, 2001, following a jury trial, of (1) conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(b)(1)(A), and 846, and (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(b)(1)(C).

For his role in an international cocaine trafficking network, Flores was sentenced to the statutory minimum one hundred twenty months in prison to be followed by the statutory minimum five years of supervised release. Flores was released from confinement on or about March 20, 2008. He has completed almost 27 months of his 60 month term of supervised release.

1

On May 27, 2010, Flores filed the instant motion, which was marked fully submitted on June 9, 2010.

**Discussion**

A sentencing court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When making such a determination, the court is directed to consider several factors set forth in 18 U.S.C. § 3553(a)[1] as well as any "new or unforeseen circumstances" that make termination appropriate. United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. See United States v. Sarna, No. 06 Cr. 1067, 2009 WL 2633153, at *1 (S.D.N.Y. Aug. 26, 2009) (defendant's compliance with the terms and conditions of his supervision

---

[1] Specifically, the court is directed to consider the factors set forth in 18 U.S.C. §§ (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

2

is insufficient to "rise to the level of 'exceptionally good behavior' that would warrant early termination of supervised release"); United States v. Rasco, No. 88 Cr. 817, 2000 WL 45438, at *1 (S.D.N.Y. Jan. 19, 2000) (holding that "model prison conduct and full compliance with the terms of supervised release is what is expected of [defendant] and all others serving terms of imprisonment and supervised release and does not warrant early termination"); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (observing that if unblemished post-incarceration conduct were a sufficient reason to terminate supervised release, then "the exception would swallow the rule"). As the Honorable John F. Keenan noted in Sarna, "[c]omplying with court-imposed sanctions and providing for one's family is expected." 2009 WL 2633153, at *1.

In support of his motion, Flores points to the fact that he has performed well under supervised release. He claims that "[h]e has never [] violated, has never missed or failed a urinalysis or gotten in any kind of trouble and has worked hard throughout." (Def. Mot. 3.) However, nothing in Flores's submission rises to the level of a special, extraordinary, or unforeseen circumstance that distinguishes Flores from other compliant defendants

3

on supervised release. While commendable, Flores's compliance and good behavior is exactly what is expected of all defendants on supervised release and therefore does not warrant early termination. See Rasco, 2000 WL 45438, at *1; Sarna, 2009 WL 2633153, at *1.

Moreover, granting Flores's request for early termination would result in an unwarranted sentencing disparity with other, similarly-situated defendants who will not receive such a benefit, despite their compliance with the terms of their supervised release. See Medina, 17 F. Supp. 2d at 247.

## Conclusion

For the reasons set forth above, Flores's motion for early termination of his period of supervised release, pursuant to 18 U.S.C. § 3583(e), is denied.

It is so ordered.

**New York, NY**
**June 23, 2010**

ROBERT W. SWEET
U.S.D.J.

4